BEFORE THE FIRST DIVISION, AUGUST 19, 1959

**No. 63300.**—W. J. Byrnes & Co., Inc., and Scientific Imports & Investment Corp. *v.* United States, protests 58/7904 and 58/7929 (Los Angeles).

OLIVER, Chief Judge: These two protests relate to certain solid glass spheres that were classified under the provision in paragraph 218(a) of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52820, for scientific articles, composed wholly or in chief value of glass, "whether used for experimental purposes in hospitals, laboratories, schools or universities, colleges, or otherwise," carrying a dutiable rate of 42½ per centum ad valorem. Plaintiffs claim that the merchandise is properly classifiable under the residuary provision for manufactures of glass, not specially provided for, in paragraph 230(d) of the Tariff Act of 1930, as amended, and dutiable at the appropriate rate according to the date of entry.

The sole witness who appeared herein was the president and general manager of the Scientific Imports & Investment Corp., the importer of the present merchandise, whose business is the importation of various types and forms "of glassware and equipment used in industry." The witness' testimony will support the following summation:

The glass spheres in question range in diameter from 2.2 to 3.5 millimeters. They are chiefly, if not exclusively, used in the automatic fire control systems of fighter aircraft that are produced by the Hughes Aircraft Corp. and the Radio Corp. of America, two of the major manufacturers in the United States, who consume, annually, a minimum quantity of 10,000 pounds of the merchandise in question. The glass articles under consideration are used in transformers, "that reduce the volume of silicone oil to be used in the transformer." Specifi-

cally, these solid glass spheres prevent excessive use, and reduce the weight, of silicone oil when fighter aircraft are in flight. To become available for such use, the glass spheres in question are made according to rigid specifications that fix the diameter, the temperature range, and the heat resistance of the articles. The diameter of these solid glass spheres "must be small enough to go through an orifice in the transformer and must be large enough so they will not fall back through a screen" when in use. They "must take a temperature range of minus 65 degrees to plus 200 degrees centigrade" and the "volumetric coefficient of expansion must be 5 by 10 to the minus 6 for one degree centigrade," and they must be free from chips. The use of these glass articles in fire control systems of fighter planes is not an experimental or a laboratory use; it is an established use in airplanes of the United States Air Force.

Plaintiffs' uncontradicted testimony, as hereinabove outlined, is sufficient to hold that the glass articles in question are not within the class of merchandise covered by the provision of paragraph 218(a) as amended, *supra*, invoked by the collector in his assessment of duty herein, and that the present merchandise is properly classifiable under the residuary provision for glass articles, not specially provided for, in paragraph 230(d), as amended. Accordingly, we hold the solid glass spheres in question to be properly classifiable as manufactures of glass, not specially provided for, under amended paragraph 230(d), as claimed by the plaintiffs, as follows: The merchandise covered by protest 58/7904 is dutiable at the rate of 22½ per centum ad valorem under paragraph 230(d), as amended by T.D. 54108, and the merchandise covered by protest 58/7929 is dutiable at the rate of 25 per centum ad valorem under paragraph 230(d), as amended by T.D. 52739.

Defendant submitted no brief herein. In lieu thereof, counsel filed a "NOTICE," stating that "upon consideration of the record made and the brief filed by counsel for the plaintiffs, this office does not desire to file a brief on behalf of the United States in the above entitled case."

The protests are sustained and judgment will be rendered accordingly.